UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES K. WALLACE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2314** |
| **JERRY GOODWIN, WARDEN** | **SECTION "I"(3)** |

**TRANSFER ORDER**

Petitioner, CHARLES K. WALLACE, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1991 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) He is in custody as a direct suspension of the privilege of the great writ of habeas corpus for want of jeopardy;

2) He was denied the right to effective assistance of counsel;

3) There does not exist any indictment/information, conviction, sentence or court order for his state custody in a penal institution prior to jeopardy;

4) Undue delay of duty to place in jeopardy/for want of jeopardy, and right not to be in any penal institution prior to the threshold of jeopardy.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled Charles Kenneth Wallace v. The

Great State of Louisiana, et al., Civil Action 94-0427 "D"(3).[1] In that petition, petitioner raised the following grounds for relief:

1) The trial court failed to have the trial jury sworn together and as a single group.

That petition was dismissed with prejudice on the merits by Judgment entered April 6, 1994. Petitioner appealed the judgment. The United States Fifth Circuit Court of Appeals dismissed the appeal. See Charles Kenneth Wallace v. Richard P. Ieyoub, Attorney General, State of Louisiana, and Richard L. Stalder, No. 95-30013 (5th Cir. 1995).

Petitioner filed a second petition for writ of habeas corpus related to this same conviction and sentence entitled Charles Kenneth Wallace v. Kathleen B. Blanco, Governor, Civil Action 07-1503 "K"(3). In that petition, petitioner raised the following grounds for relief:

1) Petitioner was denied the right to trial by jury;

2) Petitioner was denied the right to counsel of choice;

3) Petitioner was denied the right to a valid and sufficient indictment;

4) The cumulative errors divested the trial court of jurisdiction.

This successive petition was transferred to the United States Fifth Circuit Court of Appeals as a motion for authorization to proceed. The court of appeals denied the motion. (Rec. Doc. No. 6).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

---

[1] A prior application for federal post-conviction relief filed by petitioner and entitled Charles K. Wallace v. The Great State of Louisiana, et al., Civil Action No. 92-1122 "K"(3) (E.D. La.), was dismissed without prejudice because of petitioner's failure to exhaust state court remedies.

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that CHARLES K. WALLACE's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 10th day of October, 2012.

UNITED STATES DISTRICT JUDGE